AO 91 (REV.5/85) Criminal Complaint                         AUSAs Julie B. Porter and Tiffany Tracy, (312) 886-1317

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

UNITED STATES OF AMERICA

SEP 2 1 2009    cdy
SEP 21 2009

v.

**CRIMINAL COMPLAINT**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MAGISTRATE JUDGE NOLAN**

NEAL MASCHKE

CASE NUMBER:

# 09 CR 7741

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief:  On or about September 19, 2009, at Skokie, in the Northern District of Illinois, Eastern Division, NEAL MASCHKE, defendant herein:

knowingly possessed material, namely, a 16 GB Ativa thumb drive, bearing number 33097, which contained videos of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), such images having been produced using materials that had been shipped and transported in interstate and foreign commerce by any means;

in violation of Title 18, United States Code, Section 2252A(a)(5)(B).  I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

Signature of Complainant
**BRENT DEMPSEY**
Special Agent, Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

September 21, 2009
Date

at Chicago, Illinois
City and State

JEFFREY COLE, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

UNITED STATES DISTRICT COURT       )
                                     ) ss

NORTHERN DISTRICT OF ILLINOIS     )

## AFFIDAVIT

I, BRENT DEMPSEY, being duly sworn, state as follows:

1.      I am a Special Agent with the Federal Bureau of Investigation, and have been so employed since February 2003. My current responsibilities include the investigation of child exploitation and child pornography.

2.      This affidavit is submitted in support of a criminal complaint alleging that NEAL MASCHKE has violated Title 18, United States Code, Section 2252A(a)(5)(B). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging MASCHKE with knowingly possessing child pornography, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3.      This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, audio and video surveillance, and information provided by MASCHKE.

## FACTS SUPPORTING PROBABLE CAUSE

4.      On June 16, 2009, pursuant to a federal search warrant, a home in the Northern District of Illinois was searched by the FBI. The search found evidence that a

1

resident of the home, hereafter referred to as CW1, was in possession of and had received

child pornography.    In subsequent interviews, CW1 admitted to possession, receipt,

distribution and manufacture of child pornography.  CW1 also stated that he had contacts

with many other child pornography enthusiasts, some of whom were molesting children.

CW1 advised that he and his associates were primarily interested in underage boys, to whom

they referred as "Bs." Boys that they molested were referred to as "Young Lovers" or "YLs"

and "Young Friends" or "YFs," and they referred to themselves as "Boy Lovers" or "Bls."

       5.       CW1 agreed to work with the FBI to gather information concerning

other BLs that he knew.  CW1 has been informed orally and in writing that the U.S.

Attorney's Office is currently considering filing charges against him and that charges likely

will be filed against him.  No promises have been made to CW1, nor have any agreements

been reached with CW1 by either the FBI or the U.S. Attorney's Office regarding what

sentence he may receive for his participation in child exploitation offenses, or what charges

will be filed against him by the United States.  CW1 agreed to cooperate in the investigation

of child exploitation offenses and to provide complete and truthful information to the FBI

in conjunction with its   investigation.  CW1 agreed to cooperate because he has been

informed that the extent and nature of his cooperation will be made known to the judge who

will sentence him, and that his cooperation will also be considered by the United States

Attorney's Office in its decision as to what charges to file against CW1 for CW1's

involvement in child exploitation offenses.  Information that CW1 has provided in this investigation has been corroborated and proved to be reliable.

6.        CW1 identified one BL that he had contact with as Jose LNU, aka "shadow," aka "blshadow," aka ped0sapien, later identified as Jose Garcia.  CW1 knew Garcia to collect pornographic images and videos of boys.  Based on information provided by CW1, including consensually recorded telephone and in-person discussions, agents learned that on or about September 19, 2009, Garcia and other individuals planned to gather at a location in the Northern District of Illinois to, among other things, trade child pornography.  CW1 told Garcia that he would attend along with someone who, unbeknownst to Garcia, was an undercover FBI agent.

7.        Before September 19, 2009, federal Magistrate Judge Jeffrey Cole in the Northern District of Illinois signed a criminal complaint and arrest warrant for Garcia for knowingly transporting and receiving child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1) and 2252A(a)(2), and entered an order sealing the complaint and arrest warrant.  The case is *United States v. Jose Garcia aka "ben_weasel773@yahoo.com" and Corey Stinefast aka "Sleepy,"* 09 CR 768.[1]

8.        On September 19, 2009, CW1 and an undercover FBI agent attended the gathering in a hotel room in Skokie, Illinois.  The gathering was recorded by audio and video and simultaneously and covertly observed by other law enforcement agents.  Garcia

---

[1] As of the evening of September 19, 2009, the seal order expired, and the case is no longer under seal.

was the first to arrive. Garcia brought with him to the gathering multiple DVDs containing child pornography, a laptop computer, and an Xbox, among other items. During the gathering, based on what appeared to be Garcia's exchange of text messages, Garcia advised that "Neal" was on his way. Before Neal's arrival, Garcia hooked up his laptop to the TV in the room, to display child pornography from the DVDs he'd brought with him to the gathering.

9.     At approximately 10:40 p.m., an unidentified white male with brown hair arrived at the gathering. "Neal" was asked by the undercover agent the make, model, and license plate number of the car he drove to the gathering (purportedly so that hotel personnel would not have the car towed from the parking lot). "Neal" told agents that he drove a Jeep Wrangler, license plate number 4925107.

10.     Based on the information provided by Neal, officers looked for and found a 2003 red, Jeep Wrangler, license plate number 4925107 in the hotel's parking lot. Officers ran the vehicle plate through LEADS and discovered that it was registered to NEAL MASCHKE of 0N 248 Easton Avenue, West Chicago, Illinois. A review of Accurint, Open Source, and CLEAR revealed that NEAL MASCHKE of 0N 248 Easton Avenue, West Chicago, Illinois is an employee of the 18th Judicial Court of DuPage County.

11.     The Illinois Driver's License photo for NEAL MASCHKE, 0N 248 Easton Avenue, West Chicago, Illinois, matches the "Neal" who arrived at the gathering.

12.      During the gathering, MASCHKE stated that he works as a clerk for the Clerk's Office of DuPage County.

13.      When MASCHKE entered the hotel room, he began watching the child pornography videos that were playing on the TV screen. MASCHKE then went to the laptop computer that was displaying child pornography videos, and appeared to open files on the computer to display a different child pornography video. MASCHKE put a video on the screen of prepubescent, naked boys engaging in oral sex and masturbation. While that video was running, MASCHKE stated that he had four to five short, ten-second clips of the video, and that he needs the whole one put together. MASCHKE stated that he had an external hard drive that recently broke; he said that about half of the "stuff," referring to child pornography, on that broken hard drive had been his "best stuff." MASCHKE said that "luckily," he saved all the CDs that he had (containing child pornography). MASCHKE opened and displayed a different child pornography video, from the laptop computer. He stated that he was keeping a list of (child pornography) videos that he'd lost and that he needs to get back again.

14.      MASCHKE stated words to the effect that he had a drive in his car that would fit in a USB port. He said he would go to his car to get the drive. MASCHKE left the hotel room. Surveilling agents in the hotel parking lot saw MASCHKE go to the red Jeep Wrangler, open the front door, retrieve something, and put it in his pocket. MASCHKE then returned to the hotel room.

15.    Upon MASCHKE's return to the hotel room, he showed the undercover agent what he had retrieved from the car. He showed that he had two thumb drives, and stated that he separated his child pornography such that there were videos on one drive, and images on the other. He stated that he'd lost most of the "good stuff," but still had some "decent stuff" on the thumb drives. He said that part of what was on the drives was a mixture of Russian and "old '70s stuff," as well as items from Germany. MASCHKE said that when his external hard drive appeared to malfunction, he started transferring everything he could. He said that in addition to what he had on the thumb drive, the CDs he'd burned were his "backup." MASCHKE said he used to keep the CDs at his mother's place in Wisconsin, but he had to bring some of it back. MASCHKE stated that he still had the external hard drive that contained child pornography but that had malfunctioned.

16.    Shortly before midnight on September 19, 2009, agents entered the hotel room and terminated the gathering. Garcia, MASCHKE, and one other person were taken into custody.

17.    Detective Richard McKee is a Task Force Officer with the Milwaukee Cyber Squad in Wisconsin. He is a certified forensic examiner. Detective McKee was on site the evening of September 19, 2009 and, in the early morning hours of September 20, 2009, performed a preview of the thumb drives recovered from MASCHKE upon MASCHKE's arrest.

18.    Based on Detective McKee's review, one of the drives was a 16 GB Ativa thumb drive, bearing number 33097, and the words "Made in China" (the "Ativa drive"). There were 140 files on the Ativa drive, bearing primarily the file extensions .avi, .mpg, and .wmv, which I know to be common file extensions for videos. The titles of the videos were suggestive of child pornography, for example, "10yo boy jacks off with shorts on.mpg," "11yo bedtime boner," and "11yo & 13yo Boner Boys in Field.mpg."

19.    One of the videos on the Ativa drive, titled "[13yo]Webcam - mike.avi," is an approximately four minute, 39-second long video, depicting a prepubescent boy who appears to be between 12 and 14 years old. The boy takes of his shirts, pulls down his pants and underwear, and masturbates. Another of the videos on the Ativa drive, titled "10yo Danny," is an approximately 1 minute, 30-second long video, depicting a prepubescent boy who appears to be between 10 and 12 years old. The boy displays his penis to the camera and masturbates. It appears that someone else is holding the video camera as the boy performs these acts.

20.    Detective McKee also previewed MASCHKE's other drive, a 4 GB Sony Microvault thumb drive bearing serial number 07206CDAV, and the words "Made in Taiwan." This drive was organized into 38 folders, which bore titles such as "man-boy love," "naked boyhood," and "youngteen." The drive appeared to contain over a thousand images, and the images previewed appeared to constitute child pornography. For example, an image titled "2 guys rape a boy.jpg" depicted a minor, prepubescent boy who appeared

to be a real child between the ages of 10 and 12 years old performing oral sex on an adult

male while a second adult male placed his penis in the child's anus.

## CONCLUSION

21.    Thus, there is probable cause that NEAL MASCHKE knowingly

possessed material, namely, a 16 GB Ativa thumb drive, bearing number 33097, which

contained videos of child pornography as defined in Title 18, United States Code, Section

2256(8)(A), such images having been produced using materials that had been shipped and

transported in interstate and foreign commerce by any means; in violation of Title 18, United

States Code, Section 2252A(a)(5)(B).

FURTHER AFFIANT SAYETH NOT.


BRENT DEMPSEY
Special Agent, Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me on September 21, 2009.


JEFFREY COLE
United States Magistrate Judge

8